IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM EARL BROWN, JR.,  *
# 17523-003,      *
          *
 Petitioner,     *
          * CRIMINAL NO. 19-00019-JB-B
vs.         * CIVIL ACTION NO. 20-00080-JB-B
          *
UNITED STATES OF AMERICA, *
          *
 Respondent.    *

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner William Earl Brown, Jr.'s motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 47). This matter has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings, and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration,

---

[1] Chief United States District Judge Jeffrey U. Beaverstock presided over the proceedings in this action. The undersigned has reviewed Brown's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings in this case.

[2] A district court is not required to hold an evidentiary hearing on patently frivolous claims, claims that are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

the undersigned hereby recommends that Brown's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be **DENIED**, that this action be **DISMISSED with prejudice,** and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, William Earl Brown, Jr. The undersigned further recommends that in the event Brown requests a certificate of appealability and seeks to appeal *in forma pauperis,* said requests be **DENIED**.

## I.    BACKGROUND

Petitioner William Earl Brown, Jr. ("Brown") was indicted in January 2019 and charged with one count of knowingly distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (count one); three counts of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (counts two through four); and one count of knowingly possessing, or knowingly accessing with intent to view, material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (count five). (Doc. 1).

On May 21, 2019, Brown's appointed counsel[3] gave notice of Brown's intent to plead guilty to count two of the indictment pursuant to a written plea agreement. (Doc. 21). As part of his plea agreement, Brown waived his rights to challenge his guilty

---

[3] Assistant Federal Defender Peter J. Madden was appointed to represent Brown in this case. (Doc. 8).

plea, conviction, or sentence in a direct appeal or collateral attack, except that Brown reserved his rights to file a direct appeal challenging any sentence imposed in excess of the statutory maximum or constituting an upward departure or variance from the advisory guideline range, and to claim ineffective assistance of counsel in either a direct appeal or § 2255 motion. (Doc. 22 at 7). In return, the Government agreed that it would not bring any additional charges related to the facts underlying the indictment, would move to dismiss the remaining counts after sentencing, and would recommend that Brown be sentenced at the middle of the advisory guideline range as determined by the Court. (Id. at 6).

At his change-of-plea hearing on May 21, 2019,[4] Brown was placed under oath and questioned by the Court as to the voluntariness of his plea. (See Doc. 42). Brown confirmed that no one had attempted to force, pressure, or threaten him to plead guilty. (Id. at 5). He acknowledged that he understood the charge against him and had fully discussed all of the facts surrounding the charge with his attorney. (Id. at 3-4). He confirmed that he was fully satisfied with his counsel's representation, stating: "I believe in everything he does." (Id. at 4). Brown acknowledged that he had been furnished a copy of the plea agreement, that he had been afforded an opportunity to read and review the plea

---

[4] Brown's change-of-plea hearing was held before United States District Judge William H. Steele. (See Docs. 23, 42).

agreement with his attorney, and that he fully understood and agreed with the terms and conditions of the plea agreement and the incorporated factual resume. (Id. at 4-5). The Court informed Brown of the potential penalties for the offense, and Brown confirmed that he understood those penalties. (Id. at 5). Brown also acknowledged that he had discussed with his attorney how the sentencing guidelines might affect his case and understood that the guidelines were advisory only. (Id. at 6). Brown then confirmed that he understood the appeal and collateral attack waiver in his plea agreement and the limited exceptions to that waiver. (Id. at 7). The Court stated the elements of the offense, and Brown acknowledged that he understood those were the elements to which he was pleading guilty. (Id. at 9). Brown confirmed that he had committed the acts detailed in the factual resume, and he entered a plea of guilty. (Id.). The Court accepted Brown's plea and adjudicated him guilty as to count two. (Id. at 9-10).

In July 2019, the United States Probation Office prepared a draft presentence investigation report ("PSR"), which calculated Brown's guideline imprisonment range as 151 to 188 months based on a total offense level of 34 and a criminal history category of I.[5] (Doc. 24). In August 2019, Brown's counsel filed Brown's position

---

[5] Brown's base offense level of twenty-two was increased by a total of fifteen levels based on various specific offense characteristics. (Doc. 24 at 6). He received a three-level reduction for acceptance of responsibility. (Id. at 7).

with respect to sentencing factors. (Doc. 25). Brown's counsel did not dispute the draft PSR's facts or guideline calculations. (Id.). He did, however, assert that the guideline range was arbitrary and unreasonable given Brown's non-contact conduct, and he requested a substantial downward variance. (Id.). Brown's counsel also filed a sentencing memorandum in support of a downward variance (Doc. 31), as well as a chart depicting sentences imposed in similar cases nationwide. (Doc. 34).

At Brown's sentencing hearing on August 19, 2019, Brown's counsel reiterated his arguments in support of a downward variance[6] and introduced a technology witness from the Federal Defender's office to explain how he had generated the chart submitted as a supplement to the sentencing memorandum.[7] (Doc. 43 at 5-15, 18-19). The Government recommended a low-end guideline range sentence of 151 months. (Id. at 15-17). The Court concurred with the Government's recommendation and sentenced Brown to 151 months' imprisonment,[8] to be followed by a supervised release term of

---

[6] Brown's counsel argued that a statutory minimum sentence of sixty months was appropriate. (Doc. 43 at 18).

[7] Brown's counsel submitted a letter from a witness who was present at the sentencing hearing in support of Brown. (Doc. 43 at 6). Brown also briefly addressed the Court. (Id. at 15).

[8] Pursuant to defense counsel's unopposed request, the Court ordered Brown's sentence to run concurrently with any sentence imposed in his related state court cases. (Doc. 43 at 24; see also Doc. 37 at 2).

fifteen years.  (Id. at 21-22; see also Doc. 37 at 2-3).  Brown

did not appeal his conviction or sentence.[9]

On February 5, 2020,[10] Brown, proceeding *pro se*, mailed the

instant motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.  (Doc. 47).  The Government filed a response in

opposition to Brown's motion.  (Doc. 51).  Brown's § 2255 motion

is now fully briefed and ripe for review.

## II.  HABEAS STANDARD

The limited scope of habeas relief is well established, as

this Court has recognized:

> Collateral relief is an extraordinary remedy which "may
> not do service for a[ ] [direct] appeal." United States
> v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed.
> 2d 816 (1982); see also Lynn v. United States, 365 F.3d
> 1225, 1232 (11th Cir. 2004) ("Courts have long and
> consistently affirmed that a collateral challenge, such
> as a § 2255 motion, may not be a surrogate for a direct
> appeal.").  A defendant who has waived or exhausted his
> right to appeal is presumed to stand "fairly and finally
> convicted." Frady, 456 U.S. at 164.  Unless a claim
> alleges a lack of jurisdiction or constitutional error,
> the scope of collateral attack has remained extremely
> limited.  United States v. Addonizio, 442 U.S. 178, 185,
> 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979).  Consequently,
> "[i]f issues are raised and considered on direct appeal,
> a defendant is thereafter precluded from urging the same
> issues in a later collateral attack. . . . A defendant
> is, of course, entitled to a hearing of his claims, but
> not to duplicate hearings.  The appellate process does
> not permit reruns." Moore v. United States, 598 F.2d
> 439, 441 (5th Cir. 1979).

---

[9] Brown filed a notice of non-appeal on September 11, 2019.  (Doc.
39).

[10] Brown's § 2255 motion is undated, but it is postmarked February
5, 2020.  (See Doc. 47 at 13-14).

<u>United States v. Evans</u>, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008
WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

**III. <u>DISCUSSION</u>**

   **A. Ground One.**

In ground one of his § 2255 motion, Brown claims "Ineffective
Assistance of Counsel." (Doc. 47 at 4). Brown alleges that his
attorney was ineffective in the following ways:

(1) Failing "to assure [Brown's] Fifth, Sixth, Eighth,
and Fourteenth Amendment rights were protected;"

(2) Failing "to properly challenge the PSR" despite "clear
evidence of gross miscalculation of enhancements
which were used to illegal[ly] enhance [Brown's]
sentence;"

(3) Failing "to assure [Brown] all the benefits of 18
U.S.C. § 3553 and [Federal] Rule [of Criminal
Procedure] 32" by failing to present and argue "all
mitigating factors . . . in favor of a downward
variance from the sentencing guidelines;" and

(4) Failing to raise an argument based on "the Supreme
Court decision on <u>Haymond</u>, 869 F.3d 1153; 2017;
regarding imposition of supervised release."

(<u>Id.</u>).

To prevail on a claim of ineffective assistance of counsel,
a petitioner must demonstrate both that (1) counsel's performance
was deficient because it fell below an objective standard of
reasonableness, and (2) counsel's poor showing prejudiced his
defense because there is a reasonable probability that, but for
counsel's errors, the result of the proceeding would have been

7

different.  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  A petitioner bears the burden of proving his ineffective assistance claims, and he must meet his burden on both prongs to succeed.  Williams v. Allen, 598 F.3d 778, 789 (11th Cir. 2010). A court "need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa."  Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) (internal citation omitted).

With regard to the first prong, the proper measure of attorney performance is whether counsel's performance was objectively reasonable under prevailing professional norms considering all the circumstances.  Hinton v. Alabama, 571 U.S. 263, 273 (2014) (per curiam).  This judicial scrutiny is highly deferential, and courts adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.  To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action.  Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010).

To establish prejudice under Strickland, a petitioner must show more than that the alleged errors had "some conceivable effect on the outcome of the proceeding."  Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation omitted). Rather, the petitioner "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

Brown's claims of ineffective assistance of counsel are due to be summarily denied because they are entirely conclusory and unsupported by any specific facts. "[T]he § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a). Coupled with the form petition or motion, the federal rules give the petitioner or movant ample notice of this difference." <u>Borden v. Allen</u>, 646 F.3d 785, 810 (11th Cir. 2011). Rule 2(b) of the Rules Governing § 2255 Proceedings requires that a § 2255 motion specify all the grounds for relief available to the movant and *state the facts supporting each ground*. Rules Governing § 2255 Proceedings, R. 2(b).

A petitioner is entitled to an evidentiary hearing on a claim of ineffective assistance of counsel only if he alleges "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." <u>Aron v. United States</u>, 291 F.3d 708, 715 n.6 (11th Cir. 2002); <u>see also</u> <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are insufficient.") (quotation omitted). No hearing is warranted when the petitioner's claims "are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the

face of the record are wholly incredible.'"  Stano v. Dugger, 901
F.2d 898, 899 (11th Cir. 1990) (en banc) (citation omitted).

Brown nakedly asserts that his counsel was ineffective for
failing "to assure" that his "Fifth, Sixth, Eighth, and Fourteenth
Amendment rights were protected."  (See Doc. 47 at 4).  However,
Brown fails to explain how his rights were violated, fails to
allege facts suggesting his rights were violated, and fails to
identify what counsel could have done but did not do to protect
his constitutional rights.

Likewise, Brown alleges that his counsel "failed to properly
challenge the PSR" despite "clear evidence of gross miscalculation
of enhancements which were used to illegal[ly] enhance [his]
sentence" (id.), but he fails to identify which enhancements were
allegedly miscalculated, explain how they were miscalculated,
provide any facts supporting his claim of a miscalculation, or
provide any facts suggesting that his counsel's actions were
improper or inadequate under the circumstances.

With regard to Brown's assertion that "all mitigating factors
should have been presented and argued for in favor of a downward
variance from the sentencing guidelines" (id.), the record
reflects that Brown's counsel made extensive mitigation arguments
and argued in favor of a substantial downward variance, both in
written filings and during Brown's sentencing hearing.  (See Docs.
25, 31, 34, 43).  To the extent Brown implies there were mitigating

10

factors his counsel failed to present or argue to the court, he has failed to identify even one such factor, much less provide facts suggesting a reasonable probability that presentation of the unidentified factor(s) to the court would have resulted in a lighter sentence. Like Brown's other allegations of attorney error, this vague assertion is bereft of the factual support needed to sustain a claim.

Finally, Brown cannot show that his counsel was ineffective for failing to make an argument based on United States v. Haymond, 139 S. Ct. 2369 (2019).[11] Haymond concerned a mandatory term of reimprisonment imposed following revocation of supervised release, not the imposition of a supervised release term in the first instance; therefore, Haymond is inapplicable to the circumstances of this case. Accordingly, Brown is entitled to no relief with respect to his ineffective assistance of counsel claims in ground one.

**B. Ground Two.**

In ground two, Brown claims that he was subjected to an "Illegal Sentence." (Doc. 47 at 5). Brown alleges that his terms of imprisonment and supervised release are "greatly in excess of guidelines and 18 U.S.C. § 3553, where [Brown] was subjected to

---

[11] Although Brown's motion cites to the Tenth Circuit's August 2017 decision in Haymond, it is reasonably clear that Brown is referring to the Supreme Court's June 26, 2019 decision in that case.

incorrect enhancement" and "[n]ot all mitigating factors were considered during sentencing which resulted in a term of imprisonment in excess of guidelines and severely in excess of punishment for deterrence, with an additional, unreasonable term of supervised release." (Id.).

First, Brown's claim of an illegal sentence is subject to summary denial because it rests entirely on unsupported generalizations and is contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (noting that a hearing is not required on claims "which are based upon unsupported generalizations" or "are affirmatively contradicted by the record") (citation omitted). Brown alleges no facts to support his contention that his terms of imprisonment and supervised release exceed the guidelines. On the contrary, the record reflects that Brown was sentenced to a prison term at the low end of the guideline range and a supervised release term within the guideline range. (See Doc. 26 at 11; Doc. 37 at 2-3; Doc. 43 at 5, 20-21). Nor does Brown allege any facts to support his assertion that the sentence imposed by the court violates 18 U.S.C. § 3553. Indeed, Brown fails to identify which provisions of § 3553 the sentence purportedly violates. Brown also fails to state any facts to support his bare assertion that he "was subjected to incorrect enhancement" (see Doc. 47 at 5), and he does not even identify the enhancement to which he alleges he was incorrectly

subjected.  Similarly, Brown passively states that "[n]ot all mitigating factors were considered during sentencing" (see id.), but he does not identify a single mitigating factor that should have been but was not considered.

In addition to being insufficiently pled, Brown's claim of an illegal sentence is barred by the collateral attack waiver in his plea agreement.  A defendant who enters into a plea agreement may waive the right to collaterally attack his conviction or sentence under § 2255.  See, e.g., Griffis v. United States, 746 F. App'x 880, 882-83 (11th Cir. 2018) (per curiam).  Collateral attack waivers are valid if they are made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005). They are enforceable if the Government shows that "either (1) the district court specifically questioned the defendant concerning the [collateral attack] waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  Id. at 1341 (quoting United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993)).

In this case, both requirements are met.  Brown's plea agreement clearly stated that, as part of the agreement, Brown was "knowingly and voluntarily waiv[ing] the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255."  (Doc. 22 at

7). The plea agreement made clear that the only exceptions to this waiver were (1) a timely direct appeal challenging any sentence exceeding the statutory maximum; (2) a timely direct appeal challenging any sentence constituting an upward departure or variance from the advisory guideline range; and (3) a direct appeal or § 2255 motion raising a claim of ineffective assistance of counsel. (Id.).

At his change-of-plea hearing, Brown expressly confirmed that he had signed the plea agreement, had been afforded the opportunity to read and review it with his attorney, and fully understood and agreed with its terms and conditions. (Doc. 42 at 4-5). The Court specifically addressed the appeal and collateral attack waiver provision in the plea agreement and its three exceptions, and Brown acknowledged that he understood the terms of the waiver provision. (Id. at 7). The record, including Brown's plea agreement and guilty plea colloquy, demonstrates that Brown's agreement to plead guilty, including his waiver of his rights to file an appeal or collateral attack except in the limited circumstances described in the plea agreement, was knowing and voluntary. Furthermore, none of the limited exceptions to the collateral attack waiver apply to Brown's illegal sentence claim. Accordingly, Brown's claim of an illegal sentence is barred by the collateral attack waiver in his plea agreement and is due to be dismissed on that basis.

Brown's claim is also procedurally defaulted because he failed to raise it on direct appeal. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn, 365 F.3d at 1234; see also Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam).

If a defendant fails to pursue an available claim on direct appeal, he can avoid a procedural bar only by establishing one of two exceptions to the procedural default rule. "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Lynn, 365 F.3d at 1234 (emphasis in original). Under the second exception, a court will consider "a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam). To meet this standard, a petitioner must show that "a constitutional violation

has probably resulted in the conviction of one who is actually innocent." <u>Lynn</u>, 365 F.3d at 1234 (quotation omitted).

Brown did not file a direct appeal challenging his sentence. Indeed, he failed to file a direct appeal at all. Therefore, he is barred from challenging his sentence in the instant § 2255 motion, unless he can show cause and prejudice or another exception to the procedural bar.

"[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the <u>Strickland</u> standard for effective assistance of counsel." <u>Reece v. United States</u>, 119 F.3d 1462, 1465 (11th Cir. 1997) (citation omitted). In his motion, Brown attempts to explain his failure to raise the issue of his allegedly illegal sentence on direct appeal by stating that he "was unaware of the errors made against him at the time, as he had not trained, formally or informally, in the arts of jurisprudence and the law." (Doc. 47 at 6). This explanation is insufficient to excuse Brown's procedural default. <u>See, e.g.</u>, <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (per curiam) (holding that a petitioner's lack of legal education and ignorance of the law did not excuse his procedural default); <u>Toole v. McDonough</u>, 379 F. App'x 883, 885 n.5 (11th Cir. 2010) (per curiam) (rejecting petitioner's

contention that his *pro se* status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim); Duncan v. Thomas, 2021 U.S. Dist. LEXIS 123172, at *13 n.3, 2021 WL 2708927, at *5 n.3 (N.D. Ala. June 1, 2021) (stating that a petitioner's "ignorance of the law does not establish cause to overcome a procedural default"), report and recommendation adopted, 2021 U.S. Dist. LEXIS 122226, 2021 WL 2686451 (N.D. Ala. June 30, 2021).[12]

The second exception to the procedural default rule is also unavailing to Brown, since he has not alleged, much less demonstrated, actual innocence. Accordingly, Brown is entitled to no relief as to ground two.

**C. Ground Three.**

For his third and final ground for relief, Brown asserts "Constitutional Rights Violations" and states the following:

> During the Course of his criminal prosecution, the Movant was subject[ed] to violations of his[:]
>
> Fifth Amendment right of due process of law;
> Sixth Amendment right to Effective Assistance of Counsel;
> Eighth Amendment right of protection from cru[e]l and unusual punishment;
> Fourteenth Amendment right of Equal Protection of the Laws.

---

[12] The Court notes that a defendant's waiver of the right to directly appeal his sentence "does not establish adequate 'cause' to excuse his procedural default," since it is attributable to the defendant's own conduct. United States v. Reed, 2010 U.S. Dist. LEXIS 28783, at *9, 2010 WL 1250679, at *3 (S.D. Ala. Mar. 25, 2010).

> Such violations are unreasonable to the Movant as a
> citizen of the United States of America.

(Doc. 47 at 7). Brown does not elaborate further as to the basis for these claims, nor does he specify at which stage of his prosecution the alleged violations occurred.

Like his previous grounds for relief, Brown's claims that his constitutional rights were violated are due to be summarily denied because they are purely conclusory and unsupported any facts whatsoever, much less "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." See <u>Aron</u>, 291 F.3d at 715 n.6. Accordingly, Brown is entitled to no relief as to ground three.

### IV. <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. See Rules Governing § 2255 Proceedings, R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the

applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds without reaching the merits of an underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability may issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 483-84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citation and internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

After reviewing the issues presented in light of the applicable standards, the Court concludes that reasonable jurists would not find the Court's disposition of Brown's claims wrong or debatable, and that none of the issues presented are adequate to deserve encouragement to proceed further. As a result, Brown is not entitled to a certificate of appealability and, consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## V. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner William Earl Brown, Jr.'s motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Doc. 47) be **DENIED**, that this action be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, William Earl Brown, Jr. It is further recommended that any requests for a certificate of appealability or for permission to appeal *in forma pauperis* be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **24th** day of **June, 2022.**

                                                **/s/ SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**